[Crim. No. 42772. Second Dist., Div. Four. Aug. 11, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
DOUGLAS COLEMAN FARMER, Defendant and Appellant.

Counsel

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Ralph H. Goldsen, Deputy State Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Mark A. Hart and William H. Davis, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**KINGSLEY, Acting P. J.**—Defendant was charged with (count I) kidnaping, in violation of section 207 of the Penal Code. Counts II and III charged assault with a deadly weapon; count IV charged burglary. After a trial by jury, he was found not guilty on count IV, but guilty on counts I, II and III. He was sentenced to the upper term of seven years on count I, enhanced by three years for the great bodily injury allegation. On the assault counts he was sentenced to the upper term of four years, to run concurrent with the sentence on count I. The total sentence was 10 years; 131 days custody and good time/work time credit was allowed.

The case for the People showed that defendant and the victim had lived together for some time, but had broken up and the victim was living with her young son and her sister. Defendant secured admission to the victim's home, kidnaped her at the point of a knife, took her to his own home and there assaulted her with a hot knife inflicting a severe burn on her arm. He also tied her up with a rope and towel, and hit her across the back and legs with a belt.

On this appeal, defendant does not attack the verdicts of guilty; he makes one attack on the sentence and attacks the great bodily injury enhancement and the use of that enhancement on count I. We reject all three contentions.

## I

Alarmed at the victim's disappearance, her sister called the police, who located her at defendant's apartment. The victim gave to the police her complaints and testified for the People at the preliminary examination. When called to testify at trial, she refused to testify, relying on the Fifth Amendment. The trial court appointed counsel to advise her as to that refusal and he reported that she had reasonable grounds for her refusal. The trial court ruled that, because of her refusal to testify, she was "unavailable" under sections 240 and 1291 of the Evidence Code.

■ As we understand the defendant's contention here, it is that the victim should have been faced with specific questions and compelled to claim her privilege separately as to specific questions. Assuming the validity of that theory, it here appears that the victim was examined both by the prosecutor and by defense counsel and asked a long series of questions, as to each of which she claimed her privilege. The record is clear that she was, and would refuse to testify as to *any* matter to which she had testified at the preliminary examination. No more could have been required to make her preliminary testimony admissible and the trial court properly allowed it to be read.

## II

The great bodily injuries involved in the enhancement consisted of injuries to the victim's back and legs from being tied up and a burn from a hot knife on the shoulder. Defendant admitted the injuries, but offered an exculpatory explanation for them. ■ It is here contended that neither injury met the standard laid down in *People* v. *Caudillo* (1978) 21 Cal.3d 562 [146 Cal.Rptr. 859, 580 P.2d 274]. The jury was properly instructed as to the definition of "great bodily injury."[1] They saw photographs of the injuries taken at the time of the preliminary examination and heard the victim's description of them. We have also seen those photographs. We cannot say that the finding was without support in the record.

## III

■ Defendant here contends that the great bodily injury enhancement, if appropriate at all, should have been attached to the assault term and not to the kidnaping term. The theory is that the injuries occurred after the victim had been transported to defendant's home and were not inflicted

---

[1]The trial court gave CALJIC No. 17.20 which reads, in pertinent part: "The term 'great bodily injury' as used in this instruction means a significant or substantial physical injury."

during the seizure or asportation. Defendant admits that in *Parnell* v. *Superior Court* (1981) 119 Cal.App.3d 392 [173 Cal.Rptr. 906], it was held that, for the purpose of the statute of limitations, a kidnaping was still in existence as long as the victim was still restrained, but argues that that ruling does not apply to injuries effected during the detention. We rule otherwise. A victim forcibly transported without her consent is still "kidnaped" while the detention continues and an injury inflicted during detention is inflicted "in the commission of" the kidnaping.

The judgment is affirmed.

McClosky, J., and Ackerman, J.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 26, 1983.

---

*Assigned by the Chairperson of the Judicial Council.